UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOSHUA SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos.: 1:07-cr-146-CLC-SKL-4 |
| v. | ) | 1:11-cv-215-CLC-SKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Joshua Smith ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. There is also pending a motion by petitioner to supplement the § 2255 motion. For the reasons stated below, the motion to supplement (Court File No. 574) will be **DENIED**. All claims for relief in the § 2255 motion will be **DENIED**, with the exception of petitioner's claim that counsel failed to provide petitioner with copies of his documents on appeal, and the Court will conduct an evidentiary hearing on that claim. The matter will be **REFERRED** to the United States Magistrate Judge for appointment of counsel, provided petitioner qualifies for appointment of counsel under 18 U.S.C. § 3006A.

I.   **Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.     Factual Background**

Petitioner was found guilty by a jury of one count of conspiracy to distribute five (5) kilograms or more of cocaine hydrochloride and one hundred (100) kilograms or more of marijuana, and two counts of conspiracy to use a communication facility to distribute controlled substances. By judgment entered July 18, 2008, he was sentenced as a career offender to concurrent terms of imprisonment of 380 months on the drug conspiracy and 96 months on the use of a telephone conspiracies, for a total effective

2

sentence of 380 months.  (Court File No. 347[1], Judgment).  Petitioner's convictions and sentence were affirmed on direct appeal.  *United States v. Smith*, 395 F. App'x 223 (6th Cir. Aug. 31, 2010).

In support of his § 2255 motion to vacate sentence, petitioner alleges the following:  (1) he received the ineffective assistance of counsel, and (2) the evidence was insufficient to support his convictions.  In his motion to supplement the § 2255, petitioner seeks relief under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

## III. Discussion

### A. Assistance of Counsel

Petitioner alleges that he received the ineffective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. at 687-88.  In

---

[1] All citations to the record refer to the docket sheet in Criminal Action No. 1:07-cr-146.

3

judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges several instances of ineffective assistance of counsel during pretrial proceedings and at trial, during sentencing, and on appeal. The Court will consider the claims in turn.

### 1. Pretrial Proceedings and Trial.

Petitioner alleges counsel failed to file the appropriate motions, failed to raise a double-jeopardy violation, failed to ask appropriate questions of witnesses during the hearing on the motion to suppress and at trial, failed to investigate and demonstrate that no surveillance contained images of petitioner, failed to investigate and locate witnesses, and asked questions during trial that opened the door for damaging character evidence. Petitioner has stated no factual support for any of these claims.

A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962). Petitioner is not entitled to relief on these claims of ineffective assistance of counsel.

### 2. Sentencing

Petitioner alleges that counsel allowed without objection the number of drugs sold by other individuals to be based on mere assumptions. To the contrary, counsel in fact objected to the drug quantity on which petitioner's offense level was based. (Court File No. 386, Transcript of Sentencing Hearing, pp. 2-3). The Court heard testimony from Special Agent Mike Burnette with the Tennessee Bureau of Investigation, the case agent in the investigation of petitioner. [*Id*. at 11-28]. Based on that testimony, the Court determined that petitioner was responsible for 48 kilograms of cocaine, which resulted in the base offense level of 34. [*Id*. at 27-28].

Petitioner also alleges that counsel failed object to the two-level enhancement for role in the offense and to an enhancement for attempted kidnaping. Again, counsel in fact objected to those enhancements. [*Id*. at 6, 9-10]. The Court overruled the objection to the attempted kidnaping objection, finding it to be a predicate offense for career offender status. [*Id*. at 11]. The Court also overruled the objection to the enhancement for role in the offense based on the testimony of Special Agent Burnette. [*Id*. at 28-29].

5

Petitioner further alleges that counsel failed to object to the Court considering his juvenile record. Such an objection would have been without merit. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see also United States v. Hough*, 276 F.3d 884, 89 (6th Cir. 2002) (district court could consider relevant juvenile behavior for purpose of imposing sentence for adult criminal conduct). The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Petitioner is not entitled to relief on these claims of ineffective assistance of counsel.

### 3. Direct Appeal

Petitioner alleges that counsel failed to provide him with any documents pertaining to his appeal, including a copy of petitioner's appellate brief. According to petitioner, he advised counsel of certain issues he wanted raised on appeal but does not know if counsel raised those issues since he has not seen a copy of the brief.

As an exhibit to its response to the § 2255 motion, the government has filed the affidavit of Mitchell Bryant, counsel of record for petitioner, who testifies in pertinent part as follows:

> Your affiant represented Joshua Smith during the criminal proceeding docketed number 1:07-cr-146, before this Court, and later on appeal before the Sixth Circuit Court of Appeals.

6

> Your affiant corresponded to Petitioner throughout the appellate proceedings, including providing a copy of the appellant brief I filed on his behalf, as well as a copy of the Sixth Circuit's opinion, as indicated by copies of my correspondence, attached hereto.

(Court File No. 531, Supplemental Response, Attachment 1, Affidavit of Mitchell Bryant, p. 1, ¶¶ 2-3). Copies of Mr. Bryant's correspondence to petitioner is attached to his affidavit. [*Id.*, Attachment 2].

The Court is faced with a swearing contest and this claim cannot be resolved on the basis of the existing record. It will be necessary for the Court to conduct an evidentiary hearing as to whether petitioner was actually provided with copies of his documents on appeal. Because an evidentiary hearing is necessary, it will also be necessary to appoint counsel for petitioner, provided he qualifies financially for the appointment of counsel. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings For The United States District Courts. The Clerk is **DIRECTED** to send petitioner a financial affidavit (Form CJA 23), which he should complete, sign, and return expeditiously.

   B. *Sufficiency of the Evidence*

Petitioner alleges that the evidence was insufficient to convict him of the drug conspiracy. Petitioner unsuccessfully raised this claim on direct appeal; the Sixth Circuit found the evidence sufficient to support the conviction for the drug conspiracy as well as the amount of drugs. *United States v. Smith*, 395 F. App'x at 231. Petitioner cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal absent extraordinary circumstances, which are not present here. *See, e.g., Jones v. United*

7

*States*, 178 F.3d 790, 796 (6th Cir. 1999) ("It is ... well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.") (citations omitted).

### C. *Alleyne v. United States*

Petitioner's conviction became final in 2010, some three years prior to the Supreme Court decision in under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The Sixth Circuit has held "that Alleyne does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). *Alleyne* does not afford petitioner any relief and his motion to supplement his § 2255 motion to state a claim under *Alleyne* will be denied.

## IV. Conclusion

Petitioner's claims for relief, with the exception of his claim that counsel was ineffective for failing to provide petitioner with copies of his documents on appeal, will be **DENIED**. The Court will conduct an evidentiary hearing on that claim. Accordingly, this case will be referred to the United States Magistrate Judge to appoint counsel to represent petitioner, provided petitioner qualifies for appointment of counsel under 18 U.S.C. § 3006A. After counsel has been appointed, the Court will schedule the matter for an evidentiary hearing at which factual evidence may be developed as to whether petitioner was actually provided with copies of his documents on appeal. Since the Court has found that his other claims lack merit, the evidentiary hearing will be limited to that issue.

**AN APPROPRIATE ORDER WILL ENTER.**

                                             **/s/**  
                                             **CURTIS L. COLLIER**  
                                             **UNITED STATES DISTRICT JUDGE**