UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOSHUA SMITH, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | Nos. 1:07-CR-146-CLC-CHS-4 |
| | ) | 1:16-CV-285-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent.* | ) | |

## MEMORANDUM OPINION

Federal prisoner Joshua Smith filed for post-conviction relief pursuant to 28 U.S.C. § 2255 on August 15, 2011 [Doc. 494; E.D. Tenn. Case No. 1:11-cv-215-CLC].[1] The Court denied that motion on January 5, 2016 [Docs. 633, 634]. On June 27, 2016, Petitioner filed a second pro se motion attacking the same criminal conviction—this time relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 645]. He simultaneously requested the Court hold proceedings in abeyance until the Sixth Circuit could grant or deny leave [Doc. 646].

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court. Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** the filing [Doc. 645] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case: E.D. Tenn. Case No. 1:07-cr-146-CLC-CHS-4.

To the extent Petitioner requests that this Court stay its ruling on his § 2255 motion until the Sixth Circuit can grant or deny leave to file that petition [Doc. 92], the Court notes that the limitation found in § 2255(h)(2) is jurisdictional. *See United States v. Partin*, No. 6:96-cr-63, 2013 U.S. Dist. LEXIS 184124, at *6 (E.D.K.Y. Dec. 17, 2013) (noting that the pending petition was a successive petition under § 2255(f)(3) and concluding that the Court lacked "jurisdiction to assess the merits of [the] claims [therein]"). The Court thus lacks authority to do anything but transfer the motion in accordance with § 1631. As such, the motion to stay [Doc. 646] will be **DENIED**.

**An appropriate Order shall enter.**

/s/
CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE