UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:07-CR-146-4 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| JOSHUA SMITH | ) |

**O R D E R**

Before the Court is Defendant's second *pro se* motion for sentence reduction pursuant to Section 404(a) of the First Step Act. (Doc. 711.) Defendant moves for an expedited ruling (Doc. 719) and a hearing on the motion (Doc. 732). Also before the Court are Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 722), Defendant's "motion to dismiss for Government not responding to petitioner's meritorious claims of ineffective assistance of counsel and discovery violations" (Doc. 724), and Defendant's "motion to rule on petitioner['s] ineffective claims" (Doc. 725). The United States has not responded to any of these motions.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Pursuant to 18 U.S.C. § 3582(c), in the absence of a motion by the Director of the Bureau of Prisons, this Court may modify a term of imprisonment after it has been imposed only where "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" or where the applicable guideline sentencing range "has subsequently been lowered" by the United States Sentencing Commission.

Section 404 of the First Step Act provides an exception to the general rule against modifications to sentences. Under § 404(a) of the First Step Act, if a court imposed a sentence for a "covered offense," the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). Section 2 of the Fair Sentencing Act amended the quantities of cocaine base, commonly known as crack cocaine, necessary to trigger certain mandatory minimum sentences under § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.

The Court again finds that Defendant was not convicted of a "covered offense." Defendant was sentenced for conspiracy to distribute five kilograms or more of cocaine hydrochloride and one hundred kilograms or more of marijuana, as well as two counts of conspiracy to use a communication facility to distribute controlled substances. (Doc. 347.) Defendant was not convicted of an offense involving cocaine base. *See DePierre v. United States*, 564 U.S. 70, 80 (2011) (explaining difference between cocaine hydrochloride and cocaine base). Because Defendant's offenses did not involve cocaine base, he was not sentenced for a "covered offense," and therefore he is not eligible for a sentence reduction under § 404.

Nevertheless, although Defendant's motion is labeled as one for reduced sentence under § 404, Defendant's motion is "most appropriately considered an unauthorized second or successive § 2255 motion." *See United States v. Davis*, No. 305-CR-112, 2023 WL 8261382, at *2 (E.D. Tenn. Nov. 29, 2023). Defendant's motion alleges that Defendant's trial counsel rendered him ineffective assistance in violation of Defendant's Sixth Amendment rights, as recognized by

2

*Strickland v. Washington,* 466 U.S. 668, (1984), and that the prosecution withheld information in violation of the Jencks Act, 18 U.S.C. § 3500, and in violation of Defendant's due process rights as recognized by *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 711 at 2–5.) Defendant's other motions (Docs. 724, 725) revolve around these same claims.

In 2016, this Court denied Defendant's § 2255 motion. (Doc. 634.) In 2016 and 2017, the Court of Appeals for the Sixth Circuit denied Defendant permission to file second or successive motions to vacate. (Docs. 656, 663.) At present, Defendant's repeated claims are not based on newly discovered evidence or a new rule of constitutional law. *See Duerson v. United States*, No. 24-5721, 2024 WL 5398600, at *2 (6th Cir. Dec. 9, 2024). Therefore, because Defendant's motions "do[] not satisfy § 2255(h)'s gatekeeping requirements for second or successive motions to vacate," the Court does not transfer the requests to the Sixth Circuit for authorization. *See id.*

For these reasons, Defendant's unauthorized second or successive § 2255 motions (Docs. 711, 724, 725) are **DENIED**. Defendant's motion to expedite ruling (Doc. 719) is **GRANTED** in that the Court has ruled on his request for sentence reduction but is otherwise **DENIED**. Defendant's request for a hearing on the motion to reduce his sentence (Doc. 732) is **DENIED**. Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 722) is **DENIED AS MOOT** in light of the Court's Order denying a motion by Defendant on the same grounds. (Doc. 730.)

    **SO ORDERED.**

    **ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**